## Prowattain *versus* Tindall.

1. The Act of April 15th 1869 does not require that the evidence of a party in interest, though the only evidence on his side, should be corroborated to make it effective.

2. The testimony of a party in interest, as any other, must be submitted to the jury, for whom it is to say how far his interest should affect his credibility.

3. The jury may discard such testimony as unworthy of belief; the court may not do so.

January 10th 1876.    Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia :* No 5, to January Term 1874.

This was an action of covenant, brought July 2d 1868, by Benjamin Tindall against Evan Prowattain.

The defendant was the owner of real estate situate on China street below Front street, Philadelphia. He conveyed the property to plaintiff by deed dated October 2d 1865; it contained the following covenants, viz. : "Subject to a certain yearly ground-rent or sum of $9 payable unto Ann Miflin, &c., and which the said Evan Prowattain intends forthwith to extinguish." Also, "free, clear, discharged and indemnified of and from the payment of the aforesaid yearly ground-rent or sum of $9 and every part thereof. And the said Evan Prowattain doth hereby promise and agree with the said Benjamin Tindall forthwith to pay off and extinguish the said yearly ground-rent or sum of $9 at his own cost and expense."

Tindall afterwards paid the gound-rent and brought this action to recover the amount.

The defence was that at the time the deed was to be made, Prowattain refused to execute it as prepared with the foregoing covenants in it, when, in order to save the expense of altering the deed, it was agreed that if he would execute it, Tindall would extinguish the ground-rent.

The case was tried January 24th 1873, before Lynd, J.

The plaintiff having given in evidence the deed containing the covenants, closed.

[Prowattain *v.* Tindall.]

The defendant gave in evidence the deed of extinguishment by the plaintiff.

N. Bailey, the conveyancer who prepared the deed, testified, under objection by plaintiff and exception, that the parties met at his office October 2d 1865, and examined the deed; the defendant appeared to be dissatisfied with the ground-rent clause, gathered up all the papers and took them away; on the 17th or 18th of October the parties were at his office, the consideration $4000 was then paid.

On cross-examination he said: he received the money about a month afterwards from plaintiff to pay the ground-rent; he could not get the money for the ground-rent from the defendant.

Defendant, under objection by the plaintiff to testimony to alter the covenant in the deed by parol, and exception, testified: the settlement was made at Bailey's office on October 18th 1865; plaintiff, Bailey, defendant and others were present; he had been sent for to come there. A settlement was then made in which the $150, as well as the consideration $4000, was included; on the 19th the consideration was paid to defendant and Bailey told him that he had received $150 to extinguish the ground-rent; Bailey gave him a copy of the receipt dated October 19th given by him to plaintiff for $150, to pay the ground-rent; defendant required this copy to show that the ground-rent was paid before he would settle. At a meeting on the 2d of October, defendant was informed by Bailey that by the deed he would be liable to pay the ground-rent; defendant then said that was not his agreement and he would not sell the property; defendant had not seen the deed before that day; the reason the clause was not stricken from the deed when it was delivered was because Bailey said it would make no difference now that the money was paid and it was not necessary to go to the expense of new deeds; defendant trusted to this, thinking that he could depend on it.

A. D. Caldwell testified, that he was the agent of the defendant in making sale of the property. On the 2d of October there was a difficulty at Bailey's office about the ground-rent; when defendant found the ground-rent was to be paid by him, he picked up his papers and took them away. Afterwards plaintiff called at witness' office and asked him what the understanding was; witness told him that the terms were $4000 clear of the ground-rent.

The plaintiff in rebuttal gave evidence in answer to defendant's defence.

The plaintiff requested the court to charge,

1. That if the jury believe the receipt of Bailey was given at the time of the settlement, it operates in law as a defeasance to defeat the covenant in the deed sued upon.

2. If the jury so believe and that it was given as stated by de-

[Prowattain v. Tindall.]

fendant, it operates as an estoppel to preclude the plaintiff from setting up the covenant.

The court refused these points and charged that the testimony of the defendant must be disregarded unless he was corroborated by other witnesses or by documentary testimony ; that the receipt for $150 was not corroboration unless the jury find that it' was actually made and handed to the defendant at the time of the final' settlement, and that there was no evidence of this outside of the defendant's testimony except its date ; that the settlement was to be disregarded because the defendant's testimony in regard to it was not corroborated.

The verdict was for the plaintiff for $215.82.

The defendant took a writ of error and assigned for error the refusal of his points and the charge of the court.

*W. L. Hirst,* for plaintiff in error.—The Act of April 15th 1869, Pamph. L. 30, 1 Br. Purd. 624, pl. 16, does not require that a party should be corroborated ; it places him in a position of any other witness, his credibility to be determined by the jury : Krise v. Neason, 16 P. F. Smith 259.

*W. Hopple, Jr.,* for defendant in error.—The defence was equitable, being an effort to reform a written covenant, and should therefore be governed by rules of equity, which require that an answer must be overcome by the testimony of two witnesses or one with corroborating circumstances : Pusey v. Wright, 7 Casey 387 ; Todd v. Campbell, 8 Id. 253 ; Church v. Ruland, 14 P. F. Smith 432.

Mr. Justice GORDON delivered the opinion of the court, January 17th 1876.

We do not understand that either court or counsel deny the proposition, that if the jury should believe that the defendant, Prowattain, was induced to deliver his deed, containing the covenant, upon which this action is brought, indemnifying the plaintiff against the ground-rent charged upon the property conveyed, upon the agreement of the plaintiff that he either had, or would pay off that encumbrance, that he would thereby be estopped from setting up that covenant against his vendor, and that under such circumstances his suit must fail. Indeed the denial of such a proposition would be in the face of all authority, and hence was not and could not, with any show of reason, be made. But the learned judge instructed the jury, that the testimony of the defendant must be disregarded unless it was corroborated by other witnesses, or by documentary evidence.

This instruction was erroneous. It annulled the Act of 1869, in that it deprived the defendant of the benefit of his own testimony. That act does not require that the evidence of the party

[Prowattain *v.* Tindall.]

in interest, though the only evidence on his side of the case trying, should be corroborated in order to make it effective.   Such testimony, just as any other, must be submitted to the jury, and it is for that body to say how far the interest of the witnesses giving it shall affect its credibility.   The jury may discard it as unworthy of belief, but the court may not so do.

The judgment is reversed, and a *venire facias de novo* awarded.